BETTY SMITH HEARN                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:11cv662-DPJ-FKB

THE HINDS COUNTY BOARD OF
SUPERVISORS, ET AL.                                                  DEFENDANTS

**ORDER**

This land dispute is before the Court on the Defendants' Motion to Dismiss [42] and

related motions.  In very general terms, the parties dispute the ownership of Smith Drive, a road

forming the border of an apartment complex Plaintiff owns.  The Court, having considered the

issues and the parties' submissions in light of the applicable standards, finds that Defendants'

Motion should be granted in part and denied in part.

I.        Facts and Procedural History

While this should have been a simple matter, it has turned into a mess.  As an initial

point, Plaintiff Betty Smith Hearn is attempting to represent herself, and her First Amended

Complaint [6] is long on legal jargon but is otherwise vague, leaving Defendants to guess at the

true nature of her claims.  In Defendants' estimation, Hearn asserts state-law tort claims, a federal

takings claim, and state-law property claims.

In addition to the ambiguity surrounding the First Amended Complaint, the parties have

created a complicated docket with numerous supplemental submissions and redundant filings

that often address issues found in unrelated motions.  Hearn alone has filed 47 motions, many of

which are not truly motions but are instead additional responses or legal arguments regarding

previously filed motions. Rarely has there been a motion, response, and reply as the rules require, making it exceedingly difficult to untangle the issues.

Because of this procedural posture, the Court will attempt to provide a summary of the relevant history and then rule on various motions in an effort to clean the docket. This review must first identify the operative complaint and pleaded claims. In January 2012, some three months after filing her First Amended Complaint, Hearn filed a "Motion to Add Federal Question Jurisdiction" [39]. In this motion, Hearn claimed that she was surprised by Defendants' Answer in which they averred lawful possession of the property. Pl.'s Mot. [39] at 1. Hearn therefore sought leave to "add FEDERAL QUESTION JURISDICTION," by adding a federal claim to her previously filed state-law complaint. *Id*. She contended in part that Mississippi's adverse possession law is unconstitutional and therefore gives rise to liability under 42 U.S.C. § 1983. The magistrate judge denied that motion without prejudice because Hearn failed to attach a proposed amended complaint. Order [54] Feb. 1, 2012, at 3–4. Hearn failed to appeal.[1]

Hearn has made other attempts to amend, starting with a motion [64] to amend the First Amended Complaint by adding official capacity claims against Hinds County Supervisors Robert Graham and Phil Fisher. She then filed a separate motion [66] seeking leave to file a second amended complaint that covered 91 pages and included 30 counts. The new complaint included, for example, an averment that "the Mississippi Torts Claims Act [is] not relevant to the complexities, and uniqueness of this case." Pl.'s Mot. to Amend [66] ¶ 3. On May 14, 2012,

---

[1] The magistrate judge could have alternatively adopted Defendants' argument that the amendment would be futile because any § 1983 claims are time barred. As noted below, Hearn was on notice of these claims in 2004. *See Taylor v. Cnty. of Copiah*, 937 F. Supp. 573, 577 (S.D. Miss. 1994) (holding that § 1983 claims related to taking of property were time barred because plaintiff had notice of taking more than three years before suing).

Magistrate Judge Ball entered an order [101] finding that the proposed second amended complaint failed to comply with Federal Rule of Civil Procedure 8 for lack of a "short and plain statement showing that the pleader is entitled to relief." Order [101] May 14, 2012, at 1. Judge Ball also noted that the motion was untimely. *Id.*

Hearn did not appeal Judge Ball's order, but instead filed a Motion for Leave to file Revised Second Amended Complaint [113]. Her revised pleading was basically a motion for reconsideration that attached a streamlined version of the proposed second amended complaint. Under the new complaint, Hearn whittled her claims to two causes of action: "deprivation by cloud upon title" and "deprivation by unlawful possession." Pl.'s Mot. [113] Ex. A. Then on June 29, 2012, Hearn filed a rebuttal [127] to Defendants' response [121] to her second motion to amend suggesting that her proposed second amended complaint was a claim to quiet title and "not solely a tort case." Pl.'s Rebuttal [127] at 2. She also stated that this is "not a federal takings claims lawsuit." *Id.* at 6. Ultimately though, Hearn explained that she filed a second suit regarding these same tort claims and "petition[ed] the separation of the claims, to mitigation [sic] the confusion and misrepresentations authored and vigorously promoted by the Defendants." *Id.* at 11. It appears, therefore, that she intended to abandon tort claims in this suit leaving them for the subsequently filed suit now docketed under number 3:12-cv-417-CWR-FKB. She concluded her motion by urging the Court to grant leave to file the proposed second amended complaint.

Judge Ball considered all of this and concluded that the proposed second amended complaint would amount to the voluntary dismissal of Plaintiff's tort claims which were the subject of the pending motion to dismiss. Order [146] July 13, 2012, at 2. Judge Ball therefore denied the motion. Hearn never appealed, the Court has never granted Hearn leave to amend,

and the only claims before the Court are those Hearn pleaded in her First Amended Complaint [6]—*i.e.*, state-law tort and property claims.

As for the First Amended Complaint, Defendants' moved to dismiss [42], Hearn filed a Response [51], and Defendants rebutted [59]. All of that took place by February 2012, but numerous motions and briefs followed. For example, on May 16, 2012, Defendants filed a Supplement to Motion to Dismiss [104]. In it, Defendants raised an additional argument for time-bar dismissal. Hearn does not appear to have docketed a direct response to the supplement, but her June 29, 2012, rebuttal [127] of Defendants' response [121] to her second motion to amend [113] also included a motion to strike Defendants' defenses. The filing primarily addresses other issues, but states in conclusory fashion that her claims are not time barred. Pl.'s Rebuttal [127]. Responses, counter-responses, and related submissions followed [147, 148, 149, 150, 151, 152, 154, 157, 158].

The repetitive filings have delayed resolution of the issues because the briefing never ends. Thus, on August 7, 2012, the Court entered a cease-fire order instructing the parties to abstain from further filing until the Court rules on the pending motions. The sole exception listed in the Order was Defendants response to Plaintiff's recently filed motion for judgment [153]. Hearn apparently did not receive the order because she filed a subsequent supplement [161] to her motion for judgment. She has also sought leave to file a rebuttal to Defendants' response. Pl.'s Mot. for Leave [167].

There may well be a legitimate dispute over Smith Drive, but at this point the issues remain obscured by moribund claims and this convoluted record. As discussed below, Plaintiff's First Amended Complaint generally fails to state a claim against the named Defendants and is

4

largely time barred. That said, leave to amend will be granted to name Hinds County, Mississippi, as the proper party regarding state-law property claims.

As for Hearn's pending motions, those seeking leave to file rebuttals [150, 154, and 167] are granted as Hearn has already filed the memoranda. The motion for judgment on the pleadings [153] is denied without prejudice because the First Amended Complaint is deficient and must be amended before the Court can consider whether judgment is proper on the pleadings. Finally, the motion to strike Defendants' defenses was not docketed as a motion and otherwise fails to comply with L. U. Civ. R. 7(b). Had a separate motion been filed, it would have been denied without prejudice.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed.

R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation

that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap*

*Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

    A.     State-Law Tort Claims

        1.     Claims Against Individually Named Defendants

Hearn has sued a number of public officials in their individual and official capacities for

state-law torts.  Pl.'s Rebuttal [127] at 2.  Defendants argue that all individual claims must be

dismissed pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1 *et*

*seq*.  The Court agrees.

The MTCA "provides the exclusive remedy against a governmental entity and its

employees for acts or omissions which give rise to a suit." *Estate of Williams ex rel. Williams v.*

*City of Jackson,* 844 So. 2d 1161, 1164 (Miss. 2003) (en banc) (citations omitted) (applying

Miss. Code Ann. § 11-46-9(1) to plaintiff's wrongful-death claim against city).  Significantly, the

MTCA provides that "no employee shall be held personally liable for acts or omissions occurring

within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2).  And "a

rebuttable presumption [exists] that any act or omission of an employee within the time and at

the place of his employment is within the course and scope of his employment." Miss. Code

Ann. § 11-46-5(3); *see also Estate of Johnson v. Chatelain ex rel. Chatelain*, 943 So. 2d 684,

687 (Miss. 2006).  There is an exception to this rule, however, "if the employee's conduct

constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations."  Miss. Code Ann. § 11-46-5(2).

Nothing in the First Amended Complaint suggests that the individually named Defendants acted beyond the course and scope of their respective duties or within the exception found in section 11-46-5(2).  In fact, they are never specifically mentioned after the introductory paragraph and identification of the parties.  The Court concludes that Hearn failed to state a claim against the individual governmental employees in their individual capacities as to any of her state-law tort claims.  All such claims must be dismissed.[2]

2.      Claims Against HCBS and HCPW

The First Amended Complaint also names the Hinds County Board of Supervisors (HCBS) and the Hinds County Public Works (HCPW).  Again though, the MTCA "provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit."  *Estate of Williams,* 844 So. 2d at 1164 (citations omitted).  Such claims may be brought against political subdivisions within the limited waivers the MTCA provides.[3]

---

[2]Two additional grounds for dismissal exist.  First, if the acts fall under section 11-46-5(2), then they are time barred.  Second, Hearn abandoned these claims by failing to respond to Defendants' argument.  *See Rutter v. Conseco Life Ins. Co.*, No. 3:09-cv-680-DPJ-JCS, 2011 WL 2532467, at *5 (S.D. Miss. June 24, 2011) (concluding that plaintiffs conceded arguments that were not addressed in response brief).

[3]Section 11-46-1(i) defines "political subdivision" as

any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, community hospital as defined in Section 41-13-10, Mississippi Code of 1972, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Neither HCBS nor HCPW is a political subdivision subject to suit, and claims related to their alleged acts must be brought against Hinds County, Mississippi. *See Bradley ex rel. Wrongful Death Beneficiaries of Bradley v. City of Jackson*, No. 3:08-cv-261-TSL-JCS, 2008 WL 2381517, at *2 & n.3 (S.D. Miss. June 5, 2008) (dismissing Board of Supervisors because it was "not a political subdivision for purposes of the MTCA") (citing *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006)); *see also Smith v. City of Gulfport, Miss.*, No. 1:09-cv-423-HSO-JMR, 2011 WL 5035976, at *10 (S.D. Miss. Oct. 21, 2011) (concluding that Gulfport Police Department "[was] not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City of Gulfport"); *Tuesno v. Jackson*, No. 5:08-cv-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (finding that Wilkinson County Jail, Wilkinson County Sheriff's Department, and Wilkinson County Board of Supervisors "are not political subdivisions or legal entities in and of themselves, but rather are merely departments of Wilkinson"). Plaintiff's state-law tort claims against HCBS and HCPW must be dismissed.

3.      Statute of Limitations Under the MTCA

Defendants argue alternatively that Hearn has failed to comply with the MTCA's notice-of-claim requirement and its one-year statute of limitations.[4] In 2010, Judge Starrett neatly summarized the MTCA's notice-of-claim and statute-of-limitations requirements.

> Section 11-46-11(3) of the MTCA states that all actions "shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not

---

[4]While HCBS, HCPW, and the individually named defendants are dismissed, the Court also addresses the time-bar arguments in the event Hearn files a second amended complaint naming Hinds County as a defendant.

8

after."   Subsection 3 goes on to state that "filing a notice of claim as required by subsection (1) . . . shall serve to toll the statute of limitations . . . for one hundred twenty (120) days from the date the chief executive officer . . . receives the notice of claim" and following the tolling period, the claimant "shall then have an additional ninety (90) days to file."  Put simply, a claimant has three hundred sixty-five (365) days from the date of the alleged wrongful conduct in which to properly file a notice of claim.  Following the proper filing of a notice of claim, the claimant is allowed an additional two hundred ten (210) days in which to file suit.

*Irby v. Hodge*, No. 2:09-cv-223-KS-MTP, 2010 WL 4259942, at *6 (S.D. Miss. Oct. 21, 2010).

In the First Amended Complaint, Hearn references events in 2004 and 2005 as giving rise to her alleged injuries.  Hearn avers first that in 2004, Hinds County officials removed a fence along the border of Hearn's property.  Pl.'s Am. Compl. [6] at 10.  But this very incident is addressed in a notice of claim Hearn filed with the Hinds County Chancery Clerk on March 29, 2005.  *See* Defs.' Supplement to Mot. to Dismiss [104] at 2–4.[5]  Significantly, the notice acknowledges Hearn's dispute over Smith Drive and the County's claim that it has been listed on the county roads inventory since 1988.  *Id.*, Ex. B, at 1.  The notice also states that "[t]o the extent the county claims to own Smith Drive since 1988, the injury began then."  *Id.*  These are the same claims Hearn now presents.  And because Hearn filed her 2005 notice of claim within one year of the fence removal, the statute of limitations tolled for 210 days.  But Hearn waited until October 21, 2011, to file this suit.  Finally, had no notice been filed in 2005, then the claim would still be untimely.  Thus, the Court finds that all state-law tort claims related to the 2004 incident are untimely and subject to dismissal with prejudice.

---

[5] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Hearn also avers that on some unspecified date in 2009, Hinds County deputies destroyed the parking lot and yard at Smith Apartments, replacing them with a "second entrance to the resident of the owner of Parcel 4965-691.1." Pl.'s Am. Compl. [6] at 11. To the extent these alleged acts form a basis of Hearn's suit, she failed to file suit within one year. Additionally, the record is silent as to whether Hearn filed a notice of claim with respect to the 2009 incident. Because the date of the alleged tortious conduct occurred at some time in 2009, and, to date, Hearn has not submitted a notice of claim, the statute of limitations on her state-law tort claims arising out of the 2009 incidents has run. And even if she filed a notice of claim in 2009, the suit would still be delinquent. Finally, it appears that these allegations flow from the County's alleged ownership of Smith Drive, and Plaintiff has been on notice of that alleged injury since at least 2004.[6]

B.     State-Law Property Claims

Because Hearn is proceeding *pro se*, the Court has attempted to liberally construe the First Amended Complaint. Viewed in that light, Hearn appears to pursue several property claims. As best the Court can understand, Hearn requests a bill of particulars with respect to the property under Mississippi Code Annotated section 11-19-53. She also seeks to "enjoin Defendants' from unsubstantiated claims . . . to interests upon" Smith Drive, and references section 11-17-19, which deals with suits to quiet title. Pl.'s Am. Compl. [6] at 1–2.

While Defendants have had difficulty understanding the First Amended Complaint, the Court finds that it sufficiently pleaded state-law property claims—though against the wrong

---

[6]Plaintiff periodically makes conclusory statements regarding her ability to show that the statute has not run, but given the notice she filed in 2004, the Court sees no basis for tolling outside the MTCA tolling provisions.

Defendants—and that Defendants have not addressed those claims in their Rule 12(b)(6) motion. Thus, while these Defendants are entitled to dismissal, Hearn may seek leave to file a second amended complaint, consistent with the instructions at the end of this order, substituting Hinds County, Mississippi, for the current Defendants. *See Tuma v. Jackson Mun. Airport Auth*., No. 3:09cv517-DPJ-FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (citation and quotations omitted)).[7]

VII.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [42] is granted with respect to Hearn's state-law tort claims. Hearn's state-law property claims are dismissed, but Plaintiff is granted leave to file a renewed motion to amend within fourteen days that attaches a proposed second amended complaint naming the proper party and raising state-law property claims.

Plaintiff's motions for leave [150, 154, and 167] are granted. Plaintiff's motions for judgment [153] is denied without prejudice. Plaintiff's Motion to Correct Headers [155] is noted but denied because there is no need to correct the docket as to those pleadings.

---

[7]Because Hearn filed this case on the basis of diversity jurisdiction and asked for relief that "exceeds $75,000," she met the amount-in-controversy requirement under 28 U.S.C. § 1332. Even after dismissal of Hearn's state-law tort and federal takings claims, this Court retains diversity jurisdiction over her remaining property claims because the amount in controversy is determined at the time the action is commenced, so long as Hearn had a good faith belief in bringing her claims. *See Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994) ("Just because the court dismisses certain claims, which reduce the amount of recovery, or the jury does not find plaintiff is entitled to the required amount, does not necessarily destroy jurisdiction or prove that the plaintiff acted in bad faith." (citations omitted)).

Finally, the Court feels compelled to instruct the parties to follow Local Uniform Civil Rule 7 with respect to future motions and briefs. Prayers for relief should be raised in a single, separately docketed motion to which there will be one response and one reply. Subsequent motions and briefs should be limited to the new issues raised in those motions and should not be used to re-hash legal issues addressed in previously filed motions.

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2012.

<u>s/ *Daniel P. Jordan III*</u>
UNITED STATES DISTRICT JUDGE