UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BETTY SMITH HEARN                                                                               PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:11CV662 DPJ-FKB

HINDS COUNTY BOARD OF SUPERVISORS, ET AL.                               DEFENDANTS

ORDER

This land dispute is before the Court on several motions by Plaintiff Betty Hearn. Defendants have responded in opposition, and the Court is prepared to rule.

I.      Motion for Reconsideration [170]

Hearn's "Motion for Relief of Judgment on Court Order" [170] takes issue with the Court's September 7, 2012 Order [169]. Because the motion was filed within 28 days of that Order, the Court construes it as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

In its Order [169], the Court ruled on various motions and attempted to clarify Hearn's claims in an effort to get her case back on track. First, the Order confirmed that the operative

complaint contains no federal claims. Then, the Court dismissed all claims against the individually-named defendants and the state-law tort claims against the Hinds County Board of Supervisors and the Hinds County Public Works Department, based in part on Hearn's failure to name a political subdivision subject to suit. Next, the Court explained that even if Hearn were to name the correct party, her state-law tort claims are time-barred. Finally, the Court granted Plaintiff leave to file a renewed motion to amend her Complaint within 14 days to pursue the property claims that appear to form the true basis of her dispute. Hearn was instructed to attach a proposed second amended complaint naming the proper party for such claims.

Rather than take advantage of her opportunity to file a motion to amend, Plaintiff filed a motion to reconsider based largely on her complaint that she never received Defendants' supplemental filing [104]. The Court finds that this assertion fails to warrant reconsideration of the Order. To begin with, the Notice of Electronic Filing indicates that the document was electronically mailed to Hearn's e-mail address on record, but she insists that she informed Defendants that she would not accept filings by e-mail and attached an e-mail to that effect [170-2]. Hearn explained that she uses the electronic system from time to time, but relies primarily on mailed hard copies. But, that e-mail also states "[w]e will reconcile the docs Wednesday" to determine what was missing "and get back to you for copies." *Id*. According to Defendants, Hearn never submitted a list of missing documents.

But even assuming Hearn never received the supplement, she has not demonstrated a basis for reconsideration. It is true the Court reviewed Defendants' supplement and its attached 2005 Notice of Claim when considering whether Hearn's claims were time-barred. But Hearn is mistaken in her belief that the lack of response to Defendants' supplement [104] was the sole

2

basis for finding that her tort claims were stale. As the original Order noted, Hearn acknowledged Defendants' statute-of-limitations arguments in at least two of her other filings [44, 94]. In short, the Court fully considered the issue of timeliness, endeavored to review all pertinent filings, and did not penalize Hearn for failing to file a direct response to Defendants' supplement. Regardless, Hearn's present motion fails to establish "either a manifest error of law or fact" or "present newly discovered evidence" that would justify reconsideration. *Rosenzweig*, 332 F.3d at 863(citations and quotations omitted). Plaintiff's motion to reconsider [170] is **denied**.

II. Motion to Stay [171]

Hearn filed a "Motion for Stay on the Proceedings to Enforce Judgment." The motion itself merely repeats her motion for reconsideration without explaining what should be stayed or why. Hearn seems to think her case was dismissed and that "enforcement" of the "judgment" needs to be stayed. To be clear, the case has not been dismissed and no Rule 54(b) judgment has been entered. As stated before, the Court extended an opportunity for Hearn to seek leave to correct her pleadings, but she has not done so. The Court sees no reason to stay proceedings, so her motion is **denied**.

III. Motion for Extension of Time to File Appeal [173]

Hearn has also filed a Motion for Extension of Time to Appeal [173] and a Notice of Appeal [181]. Rule 4(a)(4)(A) of the Rules of Appellate Procedure provides that if a motion for reconsideration is filed, the time to appeal runs from the entry of an order disposing of that motion. Also, Rule 4(a)(4)(B) provides that if a party files a notice of appeal while a motion for reconsideration is pending, the notice becomes effective when the order disposing of the motion

is entered. Hearn filed such an appeal, so the Court finds that no extension of time to file an appeal was necessary. Plaintiff's Motion for Extension of Time to Appeal [173] is **moot**.

IV.     Motion for Disqualification [172]

Finally, Plaintiff has filed an "Ex Parte Motion for Disqualification of Lawyers and Judges" [172]. In this motion, Plaintiff first requests a teleconference with Chief Judge Louis Guirola to discuss the "substantial irregularities" in the handling of her case. Judge Guirola is not assigned to the case as the presiding judge, and the Rules of Civil Procedure provide no avenue for appeal to the Chief Judge of a district. Hearn also asks Judge Guirola to reassign this case, as well as Civil Action No. 3:12cv417 CWR-FKB, and voices her belief that the recent Order [169] constituted an "abuse of the Court." Motion [172] at 3. The undersigned construes this request as Plaintiff's second motion for recusal.[1]

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under these provisions, recusal is typically determined based only upon "extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Adverse rulings may be appealed, they are not grounds for recusal. *Id.* As Hearn's frustration stems from the Court's recent ruling—which she has in fact appealed—she has not demonstrated grounds for recusal. Finally, any motion seeking recusal of Judge Reeves in civil action number 3:12cv417 must be

---

[1]The Court denied a previous motion for recusal Hearn filed about a month after filing her Complaint. In it, Hearn faulted the Court for failing to rule on two motions she had filed just one week earlier.

filed in that case, and there is no basis for recusing opposing counsel.  Hearn's motion [172] is **denied**.

V.      Conclusion

Based on the foregoing, the Court finds Plaintiff's motion for reconsideration [170] and motion to stay [171] are **denied**.  Plaintiff's motion to recuse [172] is **denied**.  Plaintiff's motion for an extension of time to file an appeal [173] is **moot**.

In the Court's prior Order [169], Hearn was granted leave to file a renewed motion to amend her Complaint within 14 days and attach a proposed second amended complaint naming the proper party and raising state-law property claims.  Hearn is again granted leave to file a renewed motion as described.  Failure to do so **within 14 days of entry of this Order** will result in dismissal of the case without further notice.  If Hearn moves for leave to amend, then the parties are instructed to contact Judge Ball within one week of the motion to set the case for a status conference.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE